{¶ 19} I respectfully dissent from the decision of the majority, and would instead reverse the trial court's order of dismissal and remand the matter for trial.
 {¶ 20} The doctrine of forum non conveniens refers to the discretionary power of a court to decline jurisdiction when convenience of the parties and ends of justice would be better served if the action were brought and tried in another forum. Neither of those purposes is evident here.
 {¶ 21} The Defendants-Appellees promptly filed an action in Israel when they learned that the parties' escrow agent intended to ask the Montgomery County court for direction in disposing of the escrow proceeds. Their action is nothing more than a race to the courthouse in order to avoid or delay a resolution of their dispute. The ends of justice are not served by supporting it.
 {¶ 22} The parties' agreement to be governed by the law of Israel does not create jurisdiction in Israel. It's a choice of law provision, not a forum selection clause. Except for that and the fact that one or two of the Defendants-Appellees are located there, Israel has nothing to do with the parties' agreement or their dispute concerning it.
 {¶ 23} The trial court appears to have been concerned about the difficulties in applying the law of Israel. Civ.R.44.1(B) authorizes the court to "consider any relevant material or source, including testimony, whether or not submitted by a party," for that purpose. Why such procedures are inadequate in this instance is not explained.
 {¶ 24} The contract out of which the parties' dispute arose was executed here. Their joint business venture was undertaken here. It collapsed here. The escrow proceeds are located here. The parties are also located or represented here. All the witnesses are here. It will be manifestly inconvenient for Plaintiffs-Appellants to defend their interests in a forum that's thousands of miles away, which will require them to not only transport all their evidence and witnesses there but also to retain additional, local counsel to represent them. Nothing in the forum non conveniens doctrine or the particular tests for its application favors Israel over Montgomery County as a proper and convenient forum to adjudicate this dispute.
 {¶ 25} Finally, the trial court relies on the doctrine of international comity. However, that assumes an equivalent convenience in the multiple forums that doesn't exist here. It also requires jurisdiction in the foreign forum, which in this instance has yet to even be determined by that forum.
 {¶ 26} Section 16, Article I of the Ohio Constitution states: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." This Bill of Rights provision does not bar application of the forum non conveniens doctrine or the principle of international comity. However, its force does require an Ohio court to frankly and seriously examine the facts when it relies on those doctrines to avoid exercising the jurisdiction conferred on it. In this instance, such an examination offers no support for the trial court's decision denying Plaintiffs-Appellants the right of relief that Section 16, Article I guarantees.